1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAMAR ROWELL,

     Petitioner,

vs.

ROBERT LEGRAND,

     Respondent.

Case No. 3:15-cv-00056-RCJ-WGC

**ORDER**

Petitioner Lamar Rowell, a Nevada prisoner and prolific filer with this court, has filed an application to proceed *in forma pauperis* and submitted a petition for a writ of errors coram nobis as well as a motion for counsel.  Petitioner seeks a petition for writ of coram nobis based on his assertion that he is actually innocent of being a habitual criminal and thus his state habitual criminal sentence is facially illegal (ECF #1-1, p. 2).

The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody. *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir.1994). Specifically, "[t]he writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors.'" *United States v. Walgren,* 885 F.2d 1417, 1420 (9th Cir. 1989) (quoting *Yasui v. United States*, 772 F.2d 1496, 1498, 1499 & n. 2 (9th Cir.1985)). Where the errors are of "the most fundamental character," such that the proceeding itself is rendered "invalid," the writ of coram nobis permits a court

1    to vacate its judgments.  *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir.1987) (quoting

2    *United States v. Mayer*, 235 U.S. 55, 69 (1914)).  The Ninth Circuit has held that to qualify for coram

3    nobis relief, four requirements must be satisfied: "'(1) a more usual remedy is not available; (2) valid

4    reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction

5    sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most

6    fundamental character.'" *Estate of McGivney By and Through McGivney v. U.S.*, 71 F.3d 779, 781-782

7    (9th Cir. 1995) (quoting *United States v. McClelland*, 941 F.2d 999, 1002 (9th Cir.1991)).

8        District Courts have the authority to issue the writ under the All Writs Act, 28 U.S.C. 1651(a).

9    However, a federal petition for a writ of coram nobis cannot be filed by a person seeking to challenge

10   a state judgment of conviction; it is a writ used by a court to correct its own errors, not errors of another

11   jurisdiction.  *See Finkelstein v. Spitzer*, 455 F.3d 131, 133-34 (2d Cir. 2006); *Obado v. New Jersey*, 328

12   F.3d 716, 718 (3d Cir. 2003).

13       Moreover, petitioner has filed two previous federal habeas petitions challenging this judgment

14   of conviction in this court.  The first was adjudicated on the merits, case no. 3:10-cv-00044-RCJ-VPC,

15   and the second was dismissed as an improper second and successive petition, case no. 3:14-cv-00498-

16   RCJ-VPC.[1]

17       **IT IS THEREFORE ORDERED** that the Clerk shall detach and file the petition (ECF #1-1).

18       **IT IS FURTHER ORDERED** that the petition for writ of coram nobis is **DISMISSED**.

19       **IT IS FURTHER ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF

20   #1) is **DENIED** as moot.

21       **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

22       **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and

23   close this case.

          Dated this 27th day of April, 2015.

24

25

                                    _____
26                                  UNITED STATES DISTRICT JUDGE

27
     ─────────────────────

28       [1] The Ninth Circuit Court of Appeals denied petitioner's request for a certificate of
     appealability on January 20, 2015 (3:14-cv-00498-RCJ-VPC, ECF #7).